# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **RICHARD E. LONG,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 59924-019,** | : | **28 U.S.C. § 2255** |
| **Movant,** | : | |
| | : | **CRIMINAL ACTION NO.** |
| **v.** | : | **1:08-CR-43-CC-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:12-CV-2632-CC-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Movant, Richard E. Long, confined in the Coleman Low Federal Correctional

Institution in Coleman, Florida, submitted a 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his sentence[1] in criminal action number 1:08-cr-43-CC-AJB-1.

[Doc. 227.][2]  The Government filed a response in opposition, [Doc. 235], and Movant

filed a reply, [Doc. 248].[3]  Movant subsequently filed three motions to which the

---

[1]      The Clerk is **DIRECTED** to update the docket sheet in case number 1:12-cv-2632-CC-AJB to reflect the proper nature of suit.

[2]      Citations to the record in this Order and Final Report and Recommendation refer to case number 1:08-cr-43-CC-AJB-1.

[3]      Movant submitted five filings in reply to the Government's response. [*See* Docs. 248, 249, 250, 253, 254.]  On February 8, 2013, the undersigned ordered Movant to designate only one filing as his reply.  [*See* Doc. 251.]  On March 13, 2013, Movant designated Document 248 as his reply.  [*See* Doc. 259 at 1.]

Government did not respond.  [Docs. 267, 272, 275.]

In his motion to unseal documents, [Doc. 267], Movant suggests that electronic accessibility to sealed documents in this case would "assist him in supporting his legal claims," [*id.* at 1].  Because the § 2255 motion was already fully briefed when Movant submitted his motion to unseal documents, it is unclear how unsealing documents would now assist Movant.  Accordingly, Movant's motion to unseal documents, [Doc. 267], is **DENIED WITHOUT PREJUDICE**.

In his motion to amend, [Doc. 272], Movant seeks to raise two United States Supreme Court decisions that were issued after the § 2255 motion was fully briefed. For good cause shown, Movant's motion to amend, [Doc. 272], is **GRANTED**.

In his motion to expand the record, [Doc. 275], Movant asks the Court to consider a document that discusses certain aspects of federal law.  Movant states that the document supports his § 2255 grounds for relief.  [*Id.* at 1.]  For good cause shown, Movant's motion to expand the record, [Doc. 275], is **GRANTED**.

For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion, [Doc. 227], be **DENIED**.

AO 72A
(Rev.8/8
2)

I.      **Background**

Movant was previously employed by the United States Army as a civilian manager who made recommendations regarding contracts for water purification equipment.   [Doc. 235 at 4-5.]   From April 2001 through July 2006, Movant recommended that contracts worth more than $66 million be awarded to a company owned by his friend, Mack S. Smith. [*Id.* at 5, 9.] During that same period, Smith gave Movant's spouse $549,700 and employed Movant's son in the company.  [*Id.* at 5, 13.] Movant's supervisors relied exclusively on Movant's recommendations and accordingly awarded the contracts to Smith's company.  [*Id.* at 7.]

On February 12, 2008, a federal grand jury indicted Movant, his spouse, and Smith.  [Doc. 1-1.]  Movant was charged with the following offenses:  (1) conspiracy to commit honest services wire fraud, honest services mail fraud, and bribery of a public official, in violation of 18 U.S.C. § 371 (count one); (2) bribery of a public official, in violation of 18 U.S.C. §§ 2 & 201(b)(2)(A) (counts forty-one through seventy-nine); (3) honest services wire fraud, in violation of 18 U.S.C. §§ 2, 1343, & 1346 (counts eighty through 104); and (4) money laundering, in violation of 18 U.S.C. § 1957 (count 105).  [*Id.* at 1-17, 21-28.]  The Government later dismissed count seventy-nine. [*See* Doc. 235 at 3.]

AO 72A
(Rev.8/8
2)

On February 19, 2010, a jury found Movant guilty on counts sixty-one through seventy-eight and ninety-nine through 105.  [Doc. 131 at 2-3, 4.]  The jury found Movant not guilty on counts one, forty-one through sixty, and eighty through ninety-eight.  [*Id.* at 1-2, 3-4.]  On September 14, 2010, the District Court sentenced Movant to 210 months imprisonment, followed by three years supervised release.  [Doc. 168 at 2-3.]

Movant appealed, and the Eleventh Circuit affirmed on June 7, 2011.  *See United States v. Smith*, 429 Fed. Appx. 840, 841-42 (11th Cir. June 7, 2011) (per curiam) (considering Movant's appeal together with co-defendant Smith's appeal).  [Doc. 222.]  Movant did not seek certiorari in the United States Supreme Court.  [Doc. 227 at 2.]  Movant executed his § 2255 motion on July 23, 2012.  [*Id.* at 13.]  The Government does not dispute that the § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f).

**II.    28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

4

to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11ᵗʰ Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11ᵗʰ Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11ᵗʰ Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5ᵗʰ Cir. 1980)[4]). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11ᵗʰ Cir. May 12, 2014) (per curiam) (quoting *Aron v. United*

---

[4]       In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11ᵗʰ Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/8
2)

*States*, 291 F.3d 708, 715 (11ᵗʰ Cir. 2002)) (internal quotation marks omitted).

As the undersigned will explain below, an evidentiary hearing is not needed because the § 2255 motion and record in this case conclusively show that Movant is entitled to no relief.

## III.  Discussion

Movant asserts the following grounds for relief in his § 2255 motion:  (1) trial and appellate counsel provided ineffective assistance (grounds one and four); (2) the District Court erred at sentencing (ground two); and (3) the Government violated Movant's rights (ground three).  [Doc. 227 at 14-22.]  In his amendment, Movant asserts further errors by the District Court at sentencing.  [Doc. 272-1 at 1-2.]

### A.    Ineffective Assistance of Counsel

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285-89 (2000) (applying *Strickland* to claims of ineffective assistance of appellate counsel).  As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the

6

AO 72A
(Rev.8/8
2)

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

In his grounds of ineffective assistance of counsel, Movant raises seven claims regarding trial counsel and two claims regarding appellate counsel.  [Doc. 227 at 14-17, 22.]

### 1.    <u>Trial Counsel</u>

Movant's first claim is that trial counsel should have objected to jury instructions that "permitted a finding of guilt" based upon "ethic[al] violations."  [*Id.* at 14.] However, as the Government points out, the District Court actually instructed the jury that (1) ethical violations were not elements of Movant's charges, and (2) the relevance and weight of testimony regarding ethical regulations were matters for the jury to decide.  [Doc. 235 at 18 (citing Doc. 206 at 150).]  Those instructions did not allow the

AO 72A
(Rev.8/8
2)

jury to find Movant guilty based upon ethical violations.  Therefore, trial counsel could not have been ineffective by failing to object to those instructions.

Movant's second claim is that trial counsel should not have elicited certain testimony from Movant that rendered a witness's proposed testimony cumulative. [Doc. 227 at 14-15.]  After Movant testified, the District Court excused the witness, Mary Anne Osborn, because "most of her testimony . . . would be cumulative of other evidence," except for matters that implicated her Fifth Amendment right against self-incrimination.  [Doc. 235 at 20-23 (citing Doc. 205 at 65).]  Movant contends that his case would have been stronger if trial counsel had not elicited certain testimony from Movant and instead attempted to elicit the testimony from Osborn.  [Doc. 227 at 14-15.]

Movant's second claim fails because the District Court did not specify that Movant was the only source of the testimony that Osborn could have given.  The Government cites five witnesses who testified before Movant and "were qualified to answer the same general questions about the contracting process" that Osborn could have answered.  [Doc. 235 at 24.]  According to the Government, "some of [those witnesses] did answer [those] very same questions [about the contracting process]." [*Id.*]  Because Movant fails to show that his testimony specifically rendered Osborn's proposed testimony cumulative, trial counsel was not ineffective.

8

Movant's third, sixth, and seventh claims are that trial counsel should have (1) called additional witnesses who were "the actual decision-makers" in the contracting process to show that Movant's influence was insignificant (claim three), (2) called witnesses to testify that Movant made recommendations "at the direction of" his supervisors (claim six), and (3) presented an "organizational chart [showing Movant's] complete lack of influence over the contract awards process" (claim seven). [Doc. 227 at 15-17.]  In response, the Government explains that it "never portrayed [Movant] as the ultimate decision-maker on the contracts." [Doc. 235 at 30.] Instead, the Government demonstrated at trial that Movant's supervisors relied exclusively on his recommendations. [*Id.* at 31-34, 42-43.]

Movant's third, sixth, and seventh claims fail because trial counsel presented argument and elicited testimony designed to distance Movant from the contract decisions. [*See id.* at 25-26, 28-29.]  Furthermore,

> [c]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. . . .  The mere fact that other witnesses might have been available . . . is not a sufficient ground to prove ineffectiveness of counsel.

*Rizo v. United States*, 446 Fed. Appx. 264, 265-66 (11th Cir. Nov. 15, 2011) (per curiam) (citations and internal quotation marks omitted).  The presentation of

9

demonstrative evidence is similarly a matter of trial strategy.  The undersigned concludes that trial counsel's failure to call additional witnesses and present an organizational chart did not constitute ineffective assistance.

Movant's fourth claim is that trial counsel "failed to present evidence of [Movant's] personal friendship with . . . Smith."  [Doc. 227 at 16.]  That claim is factually incorrect because trial counsel elicited testimony from Movant regarding his friendship with Smith.   [*See* Doc. 235 at 37-39 (citing Doc. 203 at 187-88).] Accordingly, Movant's fourth claim fails.

Movant's fifth claim is that trial counsel should have filed a motion for judgment of acquittal in order to obtain a more favorable standard of review of the sufficiency of the evidence on appeal.  [Doc. 227 at 16.]  If trial counsel had filed that motion and the District Court denied it, the Eleventh Circuit would have "view[ed] the evidence in the light most favorable to the prosecution [and examined whether] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because trial counsel did not file a motion for judgment of acquittal, the Eleventh Circuit reviewed Movant's claim of insufficient evidence "only for plain error," namely, whether "a manifest miscarriage of justice

10

[was] shown." *Smith*, 429 Fed. Appx. at 844 (citation and internal quotation marks omitted). The Eleventh Circuit determined that Movant had failed to show a miscarriage of justice. *Id.* at 844-45.

Movant's fifth claim fails. Even if trial counsel should have filed a motion for judgment of acquittal in order to obtain a more favorable standard of review of the sufficiency of the evidence on appeal, Movant has not shown a reasonable probability of a different outcome. Considering the evidence as summarized by the Government, the jury rationally found Movant guilty beyond a reasonable doubt. [*See* Doc. 235 at 39-41.] Therefore, trial counsel's failure to file a motion for judgment of acquittal did not constitute ineffective assistance.

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief as to ground one of his § 2255 motion.

## 2.   Appellate Counsel

Movant's first claim is that appellate counsel should have raised on appeal the District Court's use of acquitted conduct at sentencing. [Doc. 227 at 22.] Movant apparently refers to the difference between Smith's total gifts to Movant, which was $549,700, and the portion of those gifts that Movant was convicted of receiving, which was $317,000. [*See* Doc. 235 at 47-48.] At sentencing, the District Court used the

11

higher figure, resulting in a fourteen-level Sentencing Guidelines enhancement pursuant to U.S.S.G. §§ 2B1.1(b)(1) & 2C1.1(b)(2).  [Doc. 208 at 53.]  Using the lower figure would have resulted in a twelve-level enhancement.  [*See* Doc. 235 at 48.]

Courts may "consider relevant acquitted conduct so long as the facts underlying the conduct are proved by a preponderance of the evidence and the sentence imposed does not exceed the maximum sentence authorized by the jury verdict." *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006).  As the Eleventh Circuit determined, (1) "[e]vidence at trial established that [Movant] received $549,700 in payments from Smith," and (2) Movant failed to show that his sentence was unreasonable. *See Smith*, 429 Fed. Appx. at 845, 846.  Accordingly, appellate counsel did not perform deficiently by failing to raise on appeal the District Court's use of acquitted conduct at sentencing. "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801, 803 (11th Cir. Aug. 17, 2011) (per curiam).

Movant's second claim is that appellate counsel should not have "concede[d Movant's] great influence over the contracting process . . . ."  [Doc. 227 at 22.] Appellate counsel made that concession in arguing that the District Court should not have applied a four-level sentencing enhancement for a bribe involving a "public official in a high-level decision-making or sensitive *position*."  *See Smith*,

AO 72A
(Rev.8/8
2)

429 Fed. Appx. at 845 (quoting U.S.S.G. § 2C1.1(b)(3) (emphasis added)).  Appellate counsel contended that "regardless of the actual influence [Movant] commanded, he did not occupy an official *position* of authority."  *Id.* (emphasis added).  The Eleventh Circuit rejected appellate counsel's "form over function argument" after considering the commentary in the Sentencing Guidelines.  *Id.*  As the Government notes, appellate counsel's concession was a strategic decision and therefore could not have constituted deficient performance.  [Doc. 235 at 54-57.]

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief as to ground four of his § 2255 motion.

### B.    Procedurally Defaulted Grounds

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error."  *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).  "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct."  *Lynn*, 365 F.3d at 1235.  To

13

demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

In the present case, Movant raised the following issues on direct appeal:

1.    The District Court improperly allowed Mary Anne Osborn to invoke her Fifth Amendment right against self-incrimination.

2.    "[I]nsufficient evidence existed to convict [Movant] of the acts of bribery and wire fraud . . . that occurred after 31 December 2004."

3.    Movant's sentence was procedurally unreasonable because the four-level sentencing enhancement in U.S.S.G. § 2C1.1(b)(3) did not apply to him.[5]

---

[5]    The undersigned discussed the four-level sentencing enhancement in U.S.S.G. § 2C1.1(b)(3) in examining Movant's second claim of ineffective assistance of appellate counsel. *See supra* Part III.A.2.

14

4.      Movant's sentence was substantively unreasonable.

*See Smith*, 429 Fed. Appx. at 843-46.

Movant now raises the following issues in grounds two and three of his § 2255

motion and in his amendment:

Ground Two

1.      The District Court considered "acquitted conduct to increase the [amount of Smith's gifts] and the length of [Movant's] imprisonment."

2.      The District Court "nullified the jury's factual finding" by considering acquitted conduct at sentencing.

3.      The District Court's consideration of acquitted conduct at sentencing "exacerbated the inconsistency of the jury's verdict," namely, Movant's "acquitt[al] of conspiracy, but convict[ion] of conduct that requires a conspirator."

Ground Three

1.      The Government "disrupt[ed Movant's] defense" "by threatening the defense's key witness, Mary Ann[e] Osborn," "about her own conduct in an unrelated investigation."

2.      The Government "misrepresented" to the District Court and the jury that Movant had the power to issue "direct government contracts" to Smith's company.

3.      The "Army Criminal Investigation Division exceeded its authority by investigating" Movant.

15

Amendment

1.      The District Court improperly enhanced Movant's sentence.[6]

2.      The District Court used the wrong version of the Sentencing
         Guidelines.[7]

[Doc. 227 at 18-21; Doc. 272-1 at 1-2.]

On direct appeal, Movant did not raise the issues in grounds two and three of his § 2255 motion or in his amendment, with the exception of a portion of the first claim in the amendment.  That exception concerned U.S.S.G. § 2C1.1(b)(3), and the Eleventh Circuit rejected Movant's claim.  *See Smith*, 429 Fed. Appx. at 845.  "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)).

In attempting to show cause for the default of ground two of the § 2255 motion,

---

[6]      Movant cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which the Supreme Court determined that "any fact that increases [a] mandatory minimum [sentence] is an 'element' that must be submitted to the jury."  *Alleyne*, 133 S. Ct. at 2155.

[7]      Movant cites *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held that "there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense."  *Peugh*, 133 S. Ct. at 2078.

16

which concerns the District Court's use of acquitted conduct at sentencing, Movant argues that he received ineffective assistance of trial and appellate counsel. [Doc. 248 at 12.] However, the undersigned has determined that it was proper for the District Court to consider Movant's acquitted conduct. *See supra* Part III.A.2. Therefore, Movant did not receive ineffective assistance of counsel as to that issue. Movant has not shown cause for his defaults, and the issue of prejudice does not need to be considered. Movant has also not presented proof of actual innocence.

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief as to grounds two and three of his § 2255 motion and his amendment.

## IV.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion]

17

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct a sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**V.   Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Movant's (1) motion to unseal documents, [Doc. 267], is **DENIED WITHOUT PREJUDICE**; and (2) motion to amend, [Doc. 272], and

18

motion to expand the record, [Doc. 275], are **GRANTED**.

**IT IS RECOMMENDED** that (1) the § 2255 motion to vacate, set aside, or correct sentence, [Doc. 227], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:12-cv-2632-CC-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  6th  day of July, 2015.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

19