## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD E. LONG, | : | MOTION TO VACATE |
| BOP Reg. # 59924-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:08-CR-43-CC-AJB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:12-CV-2632-CC |

**O R D E R**

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 227]; the Magistrate Judge's Final Report and Recommendation ("R&R") that the § 2255 motion be denied and a certificate of appealability be denied [Doc. 281]; Movant's objections to the R&R [Doc. 285]; and Movant's "motion requesting the Magistrate alter, amend, or otherwise reconsider his [R&R]" [Doc. 286].

The district court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(C). Portions of the R&R to which no objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

Movant first objects that the R&R's summary of the facts of his criminal case

overstates the influence of his recommendations regarding federal contracts. (Doc. 285 at 2.) Movant's first objection does not challenge the R&R's resolution of his § 2255 grounds for relief. Therefore, Movant's first objection is irrelevant.

Movant's second objection concerns trial counsel's failure to object to jury instructions that allegedly permitted "criminal intent . . . [to] be inferred from an ethics rule violation . . . ." (Doc. 285 at 3-4.) As the Magistrate Judge correctly explained, the jury was actually instructed that "(1) ethical violations were not elements of Movant's charges, and (2) the relevance and weight of testimony regarding ethical regulations were matters for the jury to decide." (Doc. 281 at 7.) Because those instructions did not allow the jury to find Movant guilty based upon ethical violations, trial counsel could not have been ineffective by failing to object.

Movant's third objection concerns trial counsel's failure to file a motion for judgment of acquittal in order to obtain a more favorable standard of review of the sufficiency of the evidence on appeal. (Doc. 285 at 4-5.) The Magistrate Judge correctly explained that even if trial counsel performed deficiently, Movant failed to show a reasonable probability of a different outcome. (Doc. 281 at 10-11.)

Movant's fourth objection concerns appellate counsel's failure to raise the use of acquitted conduct at sentencing. (Doc. 285 at 5-6.) The Magistrate Judge correctly

2

explained that appellate counsel did not perform deficiently because (1) the facts underlying the acquitted conduct were proved by a preponderance of the evidence, and (2) the United States Court of Appeals for the Eleventh Circuit determined that Movant's sentence was reasonable. (Doc. 281 at 11-12.)

Movant's fifth objection concerns trial counsel's failure to call certain witnesses who would have testified that Movant's conduct was "immaterial" in awarding federal contracts. (Doc. 285 at 7-8.) The Magistrate Judge correctly explained that (1) "trial counsel presented argument and elicited testimony designed to distance Movant from the contract decisions," and (2) trial counsel was not ineffective "because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." (Doc. 281 at 8-10 (quoting *Rizo v. United States*, 446 F. App'x 264, 266 (11th Cir. 2011) (per curiam)).)

For the reasons stated above, the Court **OVERRULES** Movant's objections [Doc. 285]; **DENIES AS MOOT** Movant's "motion requesting the Magistrate alter, amend, or otherwise reconsider his [R&R]" [Doc. 286]; **ADOPTS** the Magistrate Judge's R&R [Doc. 281] as the Order and Opinion of this Court; **DENIES** Movant's § 2255 motion to vacate, set aside, or correct sentence [Doc. 227]; and **DENIES** a certificate of appealability.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to close civil action number 1:12-cv-2632-CC.

**IT IS SO ORDERED** this 31st day of August, 2015.

*s/ CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)